UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 04-10119-RGS |
| | ) | |
| HARVARD LAW SCHOOL, | ) | |
| et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's request for a
temporary restraining order will be denied, and plaintiff's case
will be dismissed as lacking legal or factual merit in 35 days
from the date of this Order, unless plaintiff shows good cause,
in writing, before then why it should not be dismissed.

### ALLEGED FACTS

On January 20, 2004, plaintiff Richard Max Strahan filed an
application to proceed without prepayment of fees,[1] a pro se
complaint, and an "application for a temporary restraining order
and motion for a preliminary injunction."

In summary, plaintiff claims that on January 20, 2001, he
was detained and assaulted by three Harvard University security
guards while doing research at the Harvard University Law
Library, and that the Harvard University Police Department
subsequently arrested him for trespass.  Plaintiff claims that

---

[1] Plaintiff's application to proceed without prepayment of fees will be
addressed by separate order.

Harvard University's General Counsel, Robert Iuliano and the Chief of the Harvard University Police, Francis Riley, have barred him from using the law library and told him that he would be arrested for trespass if found on Harvard University's property again.

Plaintiff's primary legal claim appears to be that the defendants are wrongfully denying him access to a federal depository library in contravention of 44 U.S.C. § 1911. He also asserts claims for unlawful search and seizure under the Fourth Amendment, federal civil rights violations based on his "perceived social caste," state civil rights violations, false arrest, malicious prosecution, and abuse of process. Plaintiff seeks injunctive relief and money damages from the defendants.

Plaintiff also filed a request for an <u>ex</u> <u>parte</u> temporary restraining order and a preliminary injunction "to enjoin the Defendants from threatening Strahan with arrest for trespass or otherwise interfere with his equal access to the Federal Depository Library Collection" at Harvard Law School.

## ANALYSIS

I.   Plaintiff's Request for a Temporary Restraining Order
     Is Denied

Plaintiff's request for an <u>ex</u> <u>parte</u> temporary restraining order pursuant is denied.[2] In order to show that he is entitled

---

[2] Rule 65(b) states that "a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by

2

to such an order, plaintiff must satisfy the same four-factor test applicable to requests for preliminary injunctions. Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria). Specifically, plaintiff bears the burden of demonstrating: (1) a likelihood of success on the merits; (2) a potential for irreparable injury; (3) the balance of the relevant equities favors him; and (4) the public interest would not be adversely affected by an injunction. Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991)(standard for preliminary injunctions).

In addition, Rule 65(b) dictates that a party seeking a temporary restraining order must also allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b). Further, the party must certify to the court in writing the efforts, if any, which have been made to give the defendant notice and the reasons supporting the claim that notice should not be required. Id.

In this case, plaintiff has not certified his efforts to give notice to the named defendants in this action. His failure

---

the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b).

3

to do so provides sufficient grounds for denial of the motion.
See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984)
(denying temporary restraining order, in part, where there had
been no certification to court in writing, of the efforts, if
any, of notification to adverse parties).  In addition,
plaintiff's verified complaint does not allege that his injury or
loss would be "immediate and irreparable" or that such injury
would occur before the defendants can be heard in opposition to
his motion.  See Fed. R. Civ. P. 65(b).  Accordingly, plaintiff
has not made the requisite showing for the issuance of a
temporary restraining order.

## II.  Plaintiff's Request for a Preliminary Injunction Is Denied

To the extent that plaintiff is also requesting that this
court grant a preliminary injunction at this juncture, his
request will be denied because "no preliminary injunction shall
be issued without notice to the adverse party."  Fed. R .Civ. P.
65(a)(1).  The court will not entertain plaintiff's request for a
preliminary injunction at this time because the complaint has not
been served on defendants.

### CONCLUSION

ACCORDINGLY, it is hereby ORDERED that plaintiff's request
for a temporary restraining order is denied; and it is

FURTHER ORDERED that plaintiff's request for a preliminary
injunction is denied, without prejudice.

4

SO ORDERED.

Dated at Boston, Massachusetts, this 21ST day of January, 2004

Richard G. Stearns
UNITED STATES DISTRICT JUDGE

5