04-10119-MEL

June 6, 2004

Honorable Judith Dein
United States Magistrate Judge
Suite 6410, U.S. Courthouse
1 Courthouse Way, Boston, 02210

Honorable Judge Dein,

I am writing from the confines of Plymouth County Correctional Facility, to express my deep concerns, and if at all possible, to request your kind assistance.

My name is James Hart. My case is #04CR 10119 MEL. I was brought before your court on April 21st and once again on April 26th. I had spent the previous 3 months at Essex County Correctional in Middleton, MA., before being indicted and transferred to Plymouth County Correctional.

Upon my transfer on April 21st, Special Agent Kimberly Dowd of the U.S. Secret Service, informed me that her office had '5' (five) boxes of personal possessions that were returned to me, and were available to be picked up at the Secret Service field office, the location to be 10 Causeway Street, Boston, MA. She suggested that I inform my attorney who would under normal circumstances, assist me in such return of possessions. That day, April 21st, I informed Atty. James McCall, of Boston, of the 5 boxes. On April 23rd, 2004, I contacted Atty Miriam Conrad, at the Federal Public Defender office in Boston. She informed me that Atty James McCall did not wish to represent me, and she was conveying that to me. Atty. Conrad had passed a 12 page written document to Atty McCall at my request the day of April 21st. Atty McCall also had received a document generated from my Atty. Raymond Buse, of Beverly, MA. Moreover, Atty Miriam Conrad informed me that she had also elected not to represent me, but was giving my case to Atty. Catherine Byrne. During that

conversation, April 23rd, I then requested that she or Atty. Byrne contact the Secret Service to obtain my posessions, and if she or Atty. Byrne could obtain my documents from Atty. McCall. Atty Conrad informed me, that in her conversation with Atty McCall, he had indicated he was already forwarding those materials to her office. She said she would pass them to Atty. Byrne there.

On April 26th, I met Atty. Byrne in your court, Judge Dein. I inquired about the "5" Boxes of my posessions, explaining the directive from the Agent Doud. Atty Byrne took a written note on her legal pad, and informed me that she would have my "5" Boxes brought to her office. I further explained to her at that time, that Agent Doud had informed me that her office would not hold my posessions forever, that they should be picked up in a reasonable time period. I then gave Atty. Byrne, the name and telephone of my Pastor, Rev George Ivabor, and that he would pick up any & all articles of mine, including "5" boxes. She, Atty Byrne, indicated to me, she would contact me or Rev Ivabor once she had secured my posessions. I deliberately stressed to Atty Byrne, that these boxes could/might contain extremely important documents critical to my defense, to include communications of death threats to me from Mickey Maguire of Presto, PA, extortion demands from the same, threatening communications to my associates, and tape recordings of the same to myself and my previous attorney, Atty William Harris of Beverly, MA. (It is important to understand, Judge Dein, I had also stressed this fact to Atty McCall on the evening of April 20th, during his attorney visit to me at Middleton, I had stressed the importance of the possible contents of these "boxes" to Atty Conrad and Atty Byrne as well). Again, these boxes were return posessions of those seized. (I had also stressed to Atty Buso, as early as February, the critical nature of things seized, relating to my defense. I had asked of Atty Byrne to obtain an inventory list from the Secret Service on April 26th. She indicated she would, if it were available. Items were seized by search warrant.

Furthermore, I continue to be a bit confused about charges on my indictment, that is, the counts in my indictment. Atty Byrne informed me on April 26th that the prosecutor was indicting me on over $700,000 of culmative loss, rather than the $367,000 (apprax.) on/listed on the indictment. I brought this up with you, Judge Dein, on April 26th.

Judge Dein, I remain confused as to the exact charges. I wrote Atty Byrne a letter dated April 30th, a copy of which is enclosed. That letter was returned to me May 14th, & I resent it to her. Atty Byrne had requested I call her April 30th, because she would at that time, have a clear picture of the charges, totalling "$700,000". I could not reach her at her office. I continued to call her office several times per week. I left voice mail messages, following up on our original conversation April 26th, 2004. I never received word from her, by letter or phone.

I continued to place numerous calls to her office. I wrote her a 2nd letter on June 1, and on that day I did reach her and we spoke for approx. 6 minutes. (The following day, June 2nd, I received materials from Atty. Byrne, sent overnight, she was now requesting boxes from prosecute).

However, Atty Byrne had not collected the '5' boxes, and acted as if she knew nothing about them! I stressed to her once again, just how important these could be to my defense. (Included in my original request with Atty Byrne, on April 26th, was to collect my wallet, I.D., driver's license and credit cards along with my wallet and 2 (two) cell phones. These were in my possessions while at Middleton, and I signed for them and brought them to U.S. District Court on April 21st. Either U.S. Marshalls or Secret Service Agents kept them. I cannot find where these are.

In her cover letter, Atty Byrne explained to me, once again, that the indictment had been amended, and I should now see' the $700,000 total loss. However, unless something is obscured from me, I fail to see this, but rather a total of approx. $367,000. I have enclosed her cover letter & copy of 'amended indictment'.

Lastly, I have a chronic medical condition, that was diagnosed in March, 2003. I have a growth in my brain, in the front left lobe, and I have frequent 'stroke-like' episodes, called 'T.I.A.'. I experienced this episodes while in custody at Middleton, and several while in custody

here at Plymouth. Although I sought attention from the medical section both at Middleton and now at Plymouth from day one, I have not received any treatment, but for Motrin - I experience moderate to severe headaches, blurred vision in my left eye, and experience protracted periods of numbness on my entire left side of my body, accompanied by dizzyness, fainting spells, nauseau, and general malaise. I am not sure if it is related, Judge Dein, but I am suffering loss as well. I don't think it is age related dementia, that is, memory loss.

The only response I have gotten is, 'we are ordering your records'. I received this response for over 4 months. I am desperate.

I sometimes sit here, fitful with anxiety and fear, that my life will end here, without treatment or attention. My physician is Dr. Tolman of Lahey Essex, my scan was taken Feb. 2003, Lahey Peabody.

I have identical charges in both state courts and those on my indictment. The out-of-state charges, from PA. and Ill., are identical to two counts on my indictment, same plaintiffs, same allegations, etc. I am ineligible for bail, a bond, or bracelet, because of these out-of-state warrants. Judge Dein, please excuse me in advance, if it is improper or wrong for me to ask, but can these out of state warrants be dismissed, or 'advanced' to Federal Court? I inquired of Atty Byrne, she didn't know. I only ask out of desperation. I want to seek further medical care & diagnosis. You see, I am 50 years old, single, never married, no children. I am an ordained minister with strong credentials. I have no priors on my record. Since being moved to Plymouth, I have been effectively out of touch with any support from my former Northshore community. So, it is a bit frightening, yousee, being in the dark about the charges in my case, the future of my medical condition. Judge Dein, I have honestly tried to be patient, and I don't believe I am reactionary at all. These are just my sincere concerns, and I have been truthful with you.

Thank you for your time and consideration. Thank you in advance for any assistance you might extend to me, Judge Dein.

Respectfully,

James Hart

c.c. Honorable Judge Morris E. Lasker