UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN )
)
Plaintiff )    05 – 10119 - RSG
)
v. )    14 March 2005
)
HARVARD LAW SCHOOL, et al. )
)
Defendants )

PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUMMONS ON DEFRNDANTS

The Plaintiff – Richard Max Strahan – moves the Court pursuant to Rule 4(m) of the Fed. R. Civ. Proc. for leave to serve the summons on the Defendants by 1 April 2005[1]. The interests of justice amd the Public Interest will be served by the Court granting Strahan's instant motion. It also serves the interest of judicial economy. If the Court did not grant Strahan's request for leave to file the summons then Strahan will semply commence a new civil action against the same Defendants raising the same claims for the same cause of action. The only difference wil be that Strahan will get a new judge assigned to the case which actually may be a good idea.

Strahan commecnced the instant action in January 2004. He was compelled to do this by the three-year limitation of bringing a 42 U. S. C. §1983 claim for damages against the Defendants arising for an unalwful arrest of him by them in 2001. Strahan is indigent and has been attending school in California immediately following the commencement of this action. Living outside the state he was physically prevented from prosecuting his claims against the Defendants and chose not to attempt to serve the summons until he renewed his residence in Massachusetts. Strahan is now living once again in Massachusetts. He is now actually capable of meaningfully prosecuting his claims against the Defendants. The Defendants have in no way

---

[1] Despite over 120 days having passed since the commencement of the instant civil action, the Court has not acted on its own to terminate it.

2

suffered any loss from not being served with the summons. The Defendants will in no way suffer from being served the summons as requested by 1 April 2005.

The interests of justice and judicial economy will be served if the Court grants the instant motion. This is a Public Interest law suit to enforce the Public's right to access libararies who have voluntarily entered and were designated as a member library of Federal Depository Library Program of the U. S. Government Prining Office. FDLP libraries enter a contract with the USGPO and agree to support the federal regulatory scheme adminestered by the USGPO to provide all members of the Public free and equal access to federal documents (e. g. Congression Record, U. S. Code etc.). The Defendant Harvard Law School opereates a FDLP library but has chosen to ban Strahan and other members of the Public from any future access to it simply becuase of their percieved social caste (i. E. Poor people). Strahan used the FDLP library many times in the past without incident. However, in 2001 he was arrested for trespass in the reception area of the FDLP library by a patroling security guard who approached Strahan and accused him of being a "homeless bum." Strahan was summarily arrested for trespass without being offered any chance to just leave and without any staff employee of the library making any kind of complaint against Strahan to the security guard (in fact the security guard never communicated with any FDLP library employee at the time of the trespass arrest of Strahan).

The trespass charge was dismissed by the Cambridge District Court but in retaliation Strahan has now been banned from the FDLP library at Harvard Law School. All members of the Public have a right and licsence to equal access to any FDLP library. Becuase of the existance of this right, the Defendant have no lawful use of the Massachusetts Trespass Statute to coerce any member of the Public into not using the FDLP library at Harvard Law School. Federal statute imposes a non-discretionary mandate on all FDLP libraries to provide every member of the Public equal access to its member libraries. 38 U. S. C. § 1911.

3

The instant complaint seeks a decaratory judgment affirming the Public and Strahan's equal right to access the FDLP library at Harvard Law School. Strahan is also seeking prospective injunctive relief to order the Defendants to provide Strahan equal access to the FDLP library at the Harvard Law School during its regular business hours. Strahan can and will commence a new civil action against the same Defendants asking for the same relief if the Court refuses to let Strahan serve his summons as requested.

. Judicial ecenomy would dictate that the Court would let Strahan serve the summons on the instant action rather than the Court sustaining the additional burden resulting from Strahan being compelled to commence a new civil action against the same – and possibly additional – Defendants. If the Court will not allow Strahan's request to serve his summons by 1 April 2005, Strahan will simply commence a new civil action against the Defendants. In addition to a request for declaratory and injunctive relief, Strahan will still seek damages from the Defendants for their current unlawful threata of arrest and ask for punitive damages commensuarte with the past unlawful arrest of Strahan by them

For the above reasons asks the Court to grant his requested releif.

BY:

_____
Richard Max Strahan
928 Dorchester Avenue
Boston MA 02127
617.233.3854

*Pro Se and Proud!*

I verify that the facts alleged in the above motion are known to me to be true to the best of my ability. Signed under the pains and penalties of perjury this thirteenth-day of March in the year 2005.

_____
Richard Max Strahan, Plaintiff